_____



SO ORDERED,

*[signature]*

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: June 9, 2015**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____


# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

| | |
|---|---|
| **OLLIE LEON SCOTT, SR. AND** | **CASE NO. 14-13788-NPO** |
| **SAMANTHA DYE SCOTT,** | |
| **DEBTORS.** | **CHAPTER 13** |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO COMPEL AND REQUIRING THE DEBTORS
## TO AMEND THEIR SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

This matter came before the Court for hearing on May 14, 2015 (the "Hearing") on the Motion to Compel (the "Motion to Compel") (Dkt. 42) filed by Locke D. Barkley, the standing chapter 13 trustee (the "Trustee"), and the Objection to Motion to Compel (the "Response")[1]

---

[1] Although the Response is labeled as an "Objection to Motion to Compel," the Court determines that the true nature of the document, according to its substance rather than its label, is a response to the Motion to Compel. *See Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label.'") (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (quoting *Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir. 1963)).

(Dkt. 48) filed by the debtor, Samantha Dye Scott ("S. Scott" or, together with Ollie Leon Scott, Sr., the "Debtors"), in the above-styled bankruptcy case (the "Bankruptcy Case"). At the Hearing, W. Jeffrey Collier ("Collier") appeared on behalf of the Trustee, and Amanda G. Hill ("Hill") of the law firm, Chhabra & Gibbs, P.A. appeared on behalf of S. Scott. The Court, being fully advised in the premises, finds as follows:

## Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this case pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Notice of the Motion to Compel was proper under the circumstances.

## Facts

1. On October 8, 2014, the Debtors filed a joint petition for relief (the "Petition") (Dkt. 1) pursuant to chapter 13 of the Bankruptcy Code.

2. On October 23, 2014, the Debtors filed their statements and schedules regarding their current income, expenses, and creditors. (Dkt. 12). On Schedule B – Personal Property, the Debtors listed a "Claim for personal injuries" as a contingent and unliquidated claim with a current value of "unknown." (*Id.* at 5-6). The Debtors listed the contact information of Chhabra & Gibbs, P.A. under the description of the "Claim for personal injuries." On Schedule C – Property Claimed as Exempt (the "Original Schedule C") (*Id.* at 8), the Debtors did not list any property regarding a claim for personal injuries or a worker's compensation claim nor did the Debtors otherwise mention the law firm of Chhabra & Gibbs, P.A.

3. On December 4, 2014, the Debtors filed Schedule B – Personal Property – Amended (the "Amended Schedule B") (Dkt. 34 at 1-4) and Schedule C – Property Claimed as Exempt – Amended (the "Amended Schedule C") (*Id.* at 5). In Amended Schedule B, the

Debtors changed the description "Claim for personal injuries" to "workers compensation claim." In Amended Schedule C, the Debtors added the following property:

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Workers compensation claim<br><br>Chabbra [*sic*] & Gibbs Attorneys at Law<br>The Plaza Building<br>120 North Congress St., Suite 200<br>Jackson, MS 39201 | Miss. Code Ann. § 71-3-43 | 100% | Unknown |

(*Id.*).[2]

4.    On March 12, 2015, the Trustee filed the Motion to Compel requesting the Court to issue an order compelling Chhabra & Gibbs[3] to file an application for approval to be employed as counsel for S. Scott in compliance with 11 U.S.C. § 327,[4] § 328, and Rule 2014.

5.    On May 4, 2015, Hill filed the Response on behalf of S. Scott. In the Response, Hill requested the Court to deny the Motion to Compel because § 327 and § 328 are not applicable to an attorney representing a debtor in pursuing a worker's compensation claim because such claims are exempt under MISS. CODE ANN. § 71-3-43.

---

[2] Hereinafter, the Court will refer to this added property as the "Scott Worker's Compensation Claim."

[3] In the Motion to Compel, the Trustee actually requests the Court to compel Hill and Chhabra & Gibbs, P.A. to file an application for approval to be employed as special counsel. For simplicity and clarity and because Hill is an attorney with Chhabra & Gibbs, P.A., the Court will refer to Hill and Chhabra & Gibbs, P.A. collectively as "Chhabra & Gibbs."

[4] Hereinafter, unless otherwise noted, all code sections refer to the Bankruptcy Code found at title 11 of the United States Code, and all rules refer to the Federal Rules of Bankruptcy Procedure.

6. At the Hearing, Collier and Hill stipulated that the Scott Worker's Compensation Claim has been pending since before the Petition date and that it is S. Scott, and not the Trustee, who is pursuing that claim. Collier argued that while the claim may be subject to exemption from distribution to creditors, it is still an asset of S. Scott's bankruptcy estate. Collier also stated that he understands there is the potential for a settlement of the Scott Worker's Compensation Claim that would require approval of the Bankruptcy Court. Hill contrarily argued that because the Scott Worker's Compensation Claim is exempt under Mississippi law, Chhabra & Gibbs is not subject to any of the Bankruptcy Code's provisions regulating the employment of attorneys, the compensation of attorneys, or the disclosure and approval of settlements or compromises.

**Discussion**

In the Motion to Compel, the Trustee requests the Court to compel Chhabra & Gibbs to file an application to be employed as special counsel in compliance with § 327, § 328 and Rule 2014. At the Hearing, the Trustee specifically argued that Chhabra & Gibbs is required to file an application to be employed under § 327(e), which governs the employment of special counsel. Hill, on the other hand, argued that because the Scott Worker's Compensation Claim is exempt under state law, Chhabra & Gibbs is not subject to § 327(e) or any of the Bankruptcy Code's provisions regulating the employment of attorneys, their compensation, or the settlements of claims. The Court initially notes that by filing the Petition, the Debtors subjected themselves to the jurisdiction of this Court and its authority under the Bankruptcy Code. *See Stanley v. Trinchard*, 579 F.3d 515, 519 (5th Cir. 2009) ("The subject of bankruptcy falls within the express constitutional powers of Congress, and bankruptcy law therefore takes precedence over state laws under the Supremacy Clause.") (citing U.S. CONST., art. VI). Thus, the Debtors are subject to the Bankruptcy Code's applicable provisions, including those regulating their

employment of counsel and their pursuit of causes of action, without regard to conflicting state law. With that being said, for the reasons stated later in this Opinion, the Court finds that S. Scott's employment of Chhabra & Gibbs is not subject to the requirements of § 327, § 328, or Rule 2014.

Before considering the applicability of § 327, § 328, and Rule 2014 to S. Scott's employment of Chhabra & Gibbs in pursuing the Scott Worker's Compensation Claim, the Court discusses the Debtors' Amended Schedule C and the general procedure for claiming property as exempt. When a debtor files a petition for relief under the Bankruptcy Code, "all legal or equitable interests of the debtor in property as of the commencement of the case" generally becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Property of the estate includes any pre-petition causes of action belonging to the debtor and their proceeds. *See Wischan v. Adler (In re Wischan)*, 77 F.3d 875, 877 (5th Cir. 1996). The debtor may then be able to reclaim certain property from the bankruptcy estate by claiming it as exempt. 11 U.S.C. § 522; *In re Pace*, 521 B.R. 124, 126 (Bankr. N.D. Miss. 2014); *Viegelahn v. Frost (In re Frost)*, 744 F.3d 384, 386-87 (5th Cir. 2014). A debtor is required to list the property claimed as exempt in their bankruptcy schedules. 11 U.S.C. § 522(*l*); FED. R. BANKR. P. 4003(a). Pursuant to § 522(*l*), property claimed by the debtor as exempt will be determined excluded from the bankruptcy estate "[u]nless a party in interest objects." 11 U.S.C. § 522(*l*). Rule 4003(b) establishes the deadlines for objections to a debtor's claimed exemptions. FED. R. BANKR. P. 4003(b). Under Rule 4003(b), a party in interest may object to a debtor's exemption within thirty (30) days after (a) the § 341(a) meeting of creditors is concluded or (b) after the list of property claimed as exempt is amended, whichever is later. *Id.*

Here, the Debtors did not list the Scott Worker's Compensation Claim on Original Schedule C. Instead, on December 4, 2014, the Debtors filed Amended Schedule C, which lists the Scott Worker's Compensation Claim as property claimed as exempt. Rule 1009(a) provides, *inter alia*, that a debtor may amend any list, schedule or statement "as a matter of course at any time before the case is closed" but that the debtor must "give notice of the amendment to the trustee and to any entity affected thereby." FED. R. BANKR. P. 1009(a). According to the Advisory Committee Note to Rule 1009(a), this notice requirement "is particularly important with respect to any amendment of the schedule of property affecting the debtor's claim of exemptions." FED. R. BANKR. P. 1009, Advisory Committee Note (1983). To ensure that the notice required under Rule 1009(a) is properly given, this Court adopted Local Rule 4003-1(a) ("Local Rule 4003-1(a)"), which provides:

> Any amendment to a claim of exemptions pursuant to Fed. R. Bankr. P. 1009 and 4003 shall be filed and served by the debtor on the trustee, the United States Trustee, and all creditors, together with a notice of amendment which states a party in interest may file an objection to the list of property claimed as exempt within the later of (i) 30 days after the meeting of creditors held under section 341(a) is concluded or (ii) 30 days after any amendment to the list or supplemental schedules is filed. The debtor also shall file a certificate of service reflecting that the amendment and notice of amendment were duly served.

MISS. BANKR. L.R. 4003-1(a). In the Bankruptcy Case, the Debtors filed Amended Schedule C, but apparently did not serve the Trustee, the United States Trustee, or all of the Debtors' creditors with a copy of Amended Schedule C or a notice of the amendment providing the deadlines for objecting to the list of the property claimed as exempt. Indeed, the Debtors have never filed a certificate of service reflecting that Amended Schedule C and an accompanying notice were duly served. For these reasons, the Court finds that the Debtors have not properly amended Original Schedule C under Rule 1009 or Local Rule 4003-1(a). As such, the Debtors have failed to properly claim the Scott Worker's Compensation Claim as exempt. Accordingly,

the Court finds that the Debtors should amend their Original Schedule C again to list the Scott Worker's Compensation Claim as exempt in compliance with the provisions of Rule 1009 and Local Rule 4003-1(a) within fourteen (14) days from the date of this Opinion.

Having addressed the Debtors' Amended Schedule C and the general procedure for claiming property as exempt, the Court will now turn to the Motion to Compel and § 327, § 328, and Rule 2014. Section 327(e) provides:

> The *trustee*, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e) (emphasis added). The Trustee requests the Court to apply this subsection to S. Scott, who is neither a trustee nor a person on whom the Bankruptcy Code imposes the functions and duties of a trustee.[5] The Court begins its analysis of § 327(e) by noting that "Congress 'says in a statue what it means and means in a statute what is says there' . . . [and that] when 'the statute's language is plain, 'the sole function of the courts'' – at least where the disposition required by the text is not absurd – 'is to enforce it according to its terms.'" *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (quoting other sources) (internal quotation marks omitted).

In support of Trustee's position that § 327(e) applies to a chapter 13 debtor's employment of special counsel despite the language of the statute, she cites *In re Goines*, 465 B.R. 704 (Bankr. N.D. Ga. 2012), a case in which a bankruptcy court held that a chapter 13 debtor must

---

[5] *Cf.* 11 U.S.C. § 1107(a) ("[A] debtor in possession . . . shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.); 11 U.S.C. § 1203 ("[A] debtor in possession shall have all the rights, other than the right to compensation under section 330, and powers, and shall perform all the functions and duties, except the duties specified in paragraphs (3) and (4) of section 1106(a), of a trustee serving in a case under chapter 11.").

file an application to employ special counsel under § 327(e). The bankruptcy court in *Goines* concluded that a chapter 13 debtor was subject to the § 327(e) requirement to file an application to employ special counsel because the "statutory scheme would make no sense if the Chapter 13 debtor had the authority to pursue, control, litigate and settle pre-petition claims, but the duty to file the application to employ special counsel under § 327 was on the Chapter 13 trustee." 465 at 707. According to the *Goines* court, a chapter 13 trustee's unfamiliarity with the debtor's claim would impede the trustee's ability to comply with § 327(e) and Rule 2014 and allowing a trustee to file such an application would expand the trustee's duties beyond those provided in § 1302. *Id.* at 707-08.

The Court does not find *Goines* persuasive. To the contrary, the Court agrees with the bankruptcy court's analysis of *Goines* and § 327(e) in *In re Jones*, 505 B.R. 229 (Bankr. E.D. Wisc. 2014). As the *Jones* court stated, the bankruptcy court in *Goines* "fell victim to the fallacy of false choice." 505 B.R. at 232-33. In a situation where a chapter 13 debtor is employing special counsel, the correct approach is that neither the trustee nor the debtor has to seek court approval under § 327(e). *Id.* Nothing in the Bankruptcy Code suggests that the term "trustee" used in § 327(e) is intended to include a chapter 13 debtor. *Id.*; *In re Powell*, 314 B.R. 567, 569-70 (Bankr. N.D. Tex. 2004) ("Section 327, both subsections (a) and (e), apply only to 'the trustee.' Chapter 13 does not decree that a Chapter 13 debtor has the rights or performs the functions or duties of a trustee."); 3 COLLIER ON BANKRUPTCY ¶ 327.01 (16th ed. 2015) ("Because section 327 addresses the retention of professionals by a trustee, it does not by its terms apply to the retention of professionals by a debtor that is not a debtor in possession. Thus, a debtor in a case under chapter 7 or chapter 13 does not need court approval before retaining counsel."); *see also Hartford Underwriters Ins. Co.*, 530 U.S. at 8 ("[The] theory – that the

expression of one thing indicates the inclusion of others unless exclusion is made explicit – is contrary to common sense and common usage.") Therefore, the Court finds that S. Scott is not required to file an application to employ Chhabra & Gibbs pursuant to § 327.

By its terms, § 328 only applies in scenarios where a professional person is employed under § 327 or § 1103. 11 U.S.C. § 328. Thus, because the Court finds that S. Scott's employment of Chhabra & Gibbs is not subject to § 327, it follows that § 328 is also inapplicable to the current situation. Likewise, Rule 2014 only applies in scenarios where a professional person is employed under § 327, § 1103, or § 1114, and, thus, is also inapplicable to Chhabra & Gibbs in this instance. Consequently, the Court finds that the Motion to Compel should be denied.

Nevertheless, as the court in *Jones* noted, special counsel employed by a chapter 13 debtor may still be subject to bankruptcy court oversight through other sections of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. For example, § 329 requires, *inter alia*, that any attorney employed by a debtor "in connection with" a case under the Bankruptcy Code "shall file with the court a statement of the compensation paid or agreed to be paid . . . and the source of such compensation." 11 U.S.C. § 329(a). "If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive." *Id.* This disclosure under § 329 and Rule 2016(b), which implements § 329, is required, regardless of whether the attorney will seek compensation from the estate. *In re Ortiz*, 496 B.R. 144, 148 (Bankr. S.D.N.Y. 2013); 3 COLLIER ON BANKRUPTCY ¶ 329.01-02 (16th ed. 2015). The purpose of § 329 is to enable bankruptcy courts to "prevent overreaching by debtors' attorneys and give interested parties the ability to evaluate the reasonableness of the fees paid." *Ortiz*, 496 B.R. at 149 (quoting another source)

(citations omitted); *see also In re Hackney*, 347 B.R. 432, 442 (Bankr. M.D. Fla. 2006) ("Congress stated in its legislative history 'payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny.'") (quoting H.R. Rep. No. 95–595, at 329 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 6285)).

Another section of the Bankruptcy Code that may govern special counsel employed by a chapter 13 debtor is § 330(a)(4)(B), which requires the approval of post-petition payments if they are made from property of the debtor's bankruptcy estate. 11 U.S.C. § 330(a)(4)(B); *In re Cahill*, 478 B.R. 173, 176 (Bankr. S.D.N.Y 2012). Further, in the event the Scott Worker's Compensation Claim is deemed non-exempt and, thus, property of the estate, the potential settlement that Collier mentioned at the Hearing may also be subject to bankruptcy court oversight through Rule 9019. *Cf. Peterson-Marone Constr., L.L.C. v. McKissack (In re McKissack)*, 320 B.R. 703, 723, n.11 (Bankr. D. Colo. 2005) ("Rule 9019 is not applicable here because these cases do not deal with motions by trustees to compromise causes of action of the estate."); *In re Barger*, No. 01-41926-PWB, 2005 WL 174880, at *1 (Bankr. N.D. Ga. Jan. 21, 2005) ("The claims that are being compromised are not property of the estate, and . . . therefore, FED. R. BANKR. P. 9019 is not applicable."); *see also In re Woodmar Realty Co. v. McLean (In re Woodmar Realty Co.)*, 306 F.2d 479, 480 (7th Cir. 1962) (explaining that a debtor is free to negotiate and settle claims with funds that are not part of its bankruptcy estate).

At this juncture, however, the only issue properly before the Court is whether Chhabra & Gibbs' employment is subject to § 327, § 328, and Rule 2014. As the Court previously stated, the Debtors are required to amend their Original Schedule C again in compliance with the provisions of Rule 1009 and Local Rule 4003-1(a) within fourteen (14) days from the date of this Opinion.

In accordance with Rule 4003(b)(1), parties in interest will then have thirty (30) days to object to the amended list of property claimed as exempt or request an extension of the time in which to file an objection. *See* FED. R. BANKR. P. 4003(b)(1). If a party in interest objects, then the Court will determine whether the property claimed as exempt is properly exempt. On the other hand, if no party in interest objects or requests an extension of time to object within the thirty (30) day time limit, then the Scott Worker's Compensation Claim and its potential proceeds will become exempt pursuant to § 522(*l*). 11 U.S.C. § 522(*l*); *see Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992). Once the Debtors properly list the Scott Worker's Compensation Claim as exempt property and any objections are resolved, the Trustee may then file a motion requesting the Court to issue an order compelling Chhabra & Gibbs to comply with any section of the Bankruptcy Code or any Federal Rule of Bankruptcy Procedure that she believes is proper.

## Conclusion

For the foregoing reasons, the Court finds that § 327, § 328, and Rule 2014 do not apply to Chhabra & Gibbs, special counsel employed by S. Scott. Therefore, the Motion to Compel should be denied. The Court, however, notes that Chhabra & Gibbs may be subject to bankruptcy court oversight through other sections of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.[6] The Court further finds that the Debtors' Amended Schedule C does not comply with the provisions of Rule 1009 and Local Rule 4003-1(a), and, thus, the Debtors should amend their Original Schedule C again in order to comply with said provisions.

IT IS, THEREFORE, ORDERED that the Motion to Compel hereby is denied.

---

[6] The Court notes that the code sections and rules listed as examples in this Opinion are not intended to be exhaustive.

IT IS FURTHER ORDERED that the Debtors shall hereby amend their Original Schedule C again in compliance with the provisions of Rule 1009 and Local Rule 4003-1(a) within fourteen (14) days from the date of this Opinion.

##END OF OPINION##